UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO.:

JENNY HOUTS, on behalf of herself
and those similarly situated,

    Plaintiff,

v.

TRAVEL DAYS, INC., a Florida Profit
Corporation,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JENNY HOUTS, ("Plaintiff"), on behalf of herself and other current and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, TRAVEL DAYS, INC., a Florida Profit Corporation ("TD"), and states as follows:

## NATURE OF THE SUIT

1. This action is brought under the FLSA to recover from Defendant minimum wage, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs under the FLSA.

2. This action is intended to cover Defendant's wage violations against Plaintiff and other similarly situated current and former hourly plus bonus paid employees, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), within the past three (3) years pursuant to the FLSA.

## PARTIES

3. Plaintiffs are non-exempt hourly plus bonus paid inside call center employees, and performed related activities for Defendant in Broward County, Florida.

4. Plaintiff's job duties involved sitting inside Defendant's call center and making phone calls to persons across the United States to sell travel reservations and trips.

5. Defendant, TD, a Florida Profit Corporation, operates in Broward County, Florida.

## JURISDICTION

6. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages, overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

7. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

8. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## COVERAGE

9. At all times during the last three (3) years, Defendants were a covered enterprise covered by the FLSA and as defined by 29 U.S.C.§§ 203(r) and 203(s).

10. At all times material hereto, Defendant was, and continue to be an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3 (s)(1) of the Act, in that, said enterprise has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. Based upon information and belief, the annual and gross revenue of Defendant was in excess of $500,000.00 per annum during the all times relevant.

12. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

13. At all times material hereto, Plaintiffs were individually "engaged in commerce" by virtue of the fact they communicated with customers outside the State of Florida, and with foreign customers/tourists as part of their daily duties with Defendant.

14. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendant in that Defendant could not operate its travel reservation business without call center employees like Plaintiff.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for Defendant as non-exempt hourly plus bonus paid employee during the relevant limitations period under the FLSA.

16. During her employment, Plaintiff worked anywhere between forty-eight (48) hours each workweek.

17. Plaintiff worked for Defendant from April 1, 2018, through April 16, 2018, for a total of 96 hours.

18. For her work performed, Plaintiff was paid a total of $137.00 which amounts to $1.43 per hour, well below the federally mandated minimum wage.

19. During all times relevant, Plaintiff worked over forty (40) per week.

20. During all times relevant, Defendant did not pay Plaintiff the applicable minimum wage rate for regular hours worked.

21.     During all times relevant, Defendants did not pay Plaintiff the applicable overtime wage for overtime hours worked.

22.     Moreover, during all times relevant, Defendants willfully engaged in practices that denied Plaintiff applicable minimum and overtime wages under the FLSA, because Defendant was aware that its pay practices were illegal.

23.     Defendant applied the same illegal practices to all similarly situated hourly plus bonus paid employees of Defendant, making the relief sought in this lawsuit common to all putative class members.

24.     Prior to filing suit, Plaintiff's counsel notified Defendant that Plaintiff had retained him, and that Plaintiff intended to pursue a collective action claim for minimum wage and overtime damages.

25.     Defendant's Manger, Dennis Young, responded by saying "Good luck with that," and hung up on Plaintiff's counsel.

26.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)
### (AS TO ALL PLAINTIFFS)

27.     Plaintiff reincorporates and re-alleges paragraphs 1 through 26 as though set forth fully herein and further alleges as follows:

28.     Plaintiff, and those similarly situated, are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

29.     During Plaintiff's employment with Defendant, Plaintiff worked overtime hours, but was not paid proper time and one-half compensation for same.

30.     Plaintiff is not an exempt employee as defined by the FLSA.

31. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

32. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

33. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and one half the applicable minimum wage for their overtime hours.

34. Prior to the filing of this lawsuit, Defendant did not consult with a lawyer to determine whether its pay practices were in violation of the FLSA.

35. Prior to the filing of this lawsuit, Defendant did not consult with an accountant to determine whether its pay practices were in violation of the FLSA.

36. Prior to the filing of this lawsuit, Defendant did not consult with the DOL to determine whether its pay practices were in violation of the FLSA.

WHEREFORE, Plaintiff respectfully requests that this Court render a judgment in her favor for all unpaid overtime due and owing, liquidated damages, reasonable attorneys' fees and costs, and any and all further relief permitted.

## COUNT II
## RECOVERY OF MINIMUM WAGES (FLSA)
### (AS TO ALL PLAINTIFFS)

37. Plaintiff reincorporates and readopts all allegations contained within Paragraphs

1-26 above.

38.	Plaintiff, and those similarly situated, were entitled to be paid the applicable federal minimum wage for each week Plaintiff worked during Plaintiff's employment with Defendant.

39.	Defendant failed to pay Plaintiff, and those similarly situated to her, the federal minimum wage for each week Plaintiff worked for Defendant.

40.	Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant refused and/or failed to compensate Plaintiff for same.

41.	As a result of Defendant's actions in this regard, Plaintiff has not been paid the federal minimum wage for each hour worked during one or more weeks of employment with Defendant.

42.	Defendant had specific knowledge that it was paying sub-minimum wages to Plaintiff and the putative class, but still failed to pay Plaintiff at least minimum wage as required.

43.	Defendants willfully failed to pay Plaintiff the federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

44.	As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff, and those similarly situated, has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

45.	Prior to the filing of this lawsuit, Defendant did not consult with a lawyer to determine whether its pay practices were in violation of the FLSA.

46.	Prior to the filing of this lawsuit, Defendant did not consult with an accountant to determine whether its pay practices were in violation of the FLSA.

47. Prior to the filing of this lawsuit, Defendant did not consult with the DOL to determine whether its pay practices were in violation of the FLSA.

WHEREFORE, Plaintiff respectfully requests that this Court render a judgment in her favor for all unpaid minimum wages due and owing, liquidated damages, reasonable attorneys' fees and costs, and any and all further relief permitted

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 1st day of May, 2018.

Respectfully Submitted,

RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email: **Noah@floridaovertimelawyer.com**


**/s Noah E. Storch**
Noah E. Storch, Esq.
FBN: 0085476

*Attorneys for Plaintiff*